IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN SILVA, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 3822 |
| | ) | |
| vs. | ) | Judge Dow |
| | ) | |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | Magistrate Judge Kim |
| KYLE GAFNEY, Star 6245, and | ) | |
| DAVID BARNES, Star 5631, | ) | **Jury Demand** |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' JOINT ANSWER TO
## PLAINTIFF'S COMPLAINT, DEFENSES AND JURY DEMAND

Defendants, the City of Chicago ("City"), and Chicago Police Officers Kyle Gafney and David Barnes ("Defendant Officers"), by one of their attorneys, Kathryn M. Doi, Assistant Corporation Counsel, for their answer to Plaintiff's Complaint, defenses and jury demand, state as follows:

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and statutes of the State of Illinois.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

2. Jurisdiction for Plaintiff's federal claims is based on 28 U.S.C. §§ 1331 and 1343(a). Jurisdiction for Plaintiff's state claims is based on supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

**ANSWER:** Defendants admit that jurisdiction is proper.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

**ANSWER:** Defendants admit that venue is proper, but deny the remaining allegations contained in this paragraph and deny any illegal or wrongful conduct..

**Parties**

4. Plaintiff is a resident of Chicago, Illinois.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

5. Defendant-Officers GAFNEY and BARNES are duly appointed and sworn Chicago police officers. At all times relevant to this Complaint, the Defendant-Officers were acting in the course and scope of their employment, and under color of state law, ordinance and/or regulation.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

6. The Defendant-Officers are sued in their individual capacities.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

7. Defendant CITY OF CHICAGO is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant-Officers.

**ANSWER**: Defendants admit the allegations contained in this paragraph.

**Facts**

8. On or about June 26, 2010, Plaintiff was a passenger in a car driven by his friend Andrew.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

9. While Andrew was driving northbound on Ashland, another vehicle pulled up beside his car.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

10. The occupants of the second car flashed gang hand signs at Plaintiff and Andrew.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

11. Andrew ignored the other car and continued driving north.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

12. The second vehicle began following closely behind Andrew's car and bumped Andrew's car.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

13. Near Ashland and 50th, the second car bumped Andrew's car again, causing him to hit a parked car.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

14. Plaintiff got out of the car to run away from the people who were chasing them.

**ANSWER**: Defendants admit that Plaintiff got out of the car and ran away from Defendant Officers. Defendants deny the remaining allegations contained in this paragraph.

15. When Plaintiff got out of the car, he saw police lights.

**ANSWER**: Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

16. Plaintiff went towards the police asking for help.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

17. One of the Defendant-Officers pointed his gun at Plaintiff and told Plaintiff to "shut the fuck up."

**ANSWER**: Defendants deny the allegations contained in this paragraph.

18. The officer hit Plaintiff in the face.

**ANSWER**: Defendants deny the allegations contained in this paragraph.

19. The Defendant-Officers tackled Plaintiff to the pavement and beat him.

**ANSWER:** Defendants admit that Officer Gaffney took Plaintiff down to the ground. Defendants deny the remaining allegations contained in this paragraph.

20. The Defendant-Officers put handcuffs on Plaintiff.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

21. Plaintiff was searched. No contraband or evidence of criminal activity was found.

**ANSWER:** Defendants admit that Plaintiff was searched and no contraband was found on his person. Defendants deny the remaining allegations contained in this paragraph.

22. Plaintiff was transported to Mercy Hospital where he received treatment for a broken nose and lacerations on his face which required twelve stitches.

**ANSWER:** Defendants admit that Plaintiff was transported to Mercy Hospital. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

23. After Plaintiff was released from police custody, he suffered from an acute nosebleed for which he was hospitalized and received a blood transfusion.

**ANSWER:** Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

24. Defendant-Officers charged Plaintiff with two counts of resisting arrest. The case was docketed in the Cook County Circuit Court as: People v. Jonathan Silva, 10 CR 233992.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

25. There was not probable cause for these charges.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

26. The Defendant-Officers brought these false charges to justify and cover up their use of excessive force.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

27. On May 6, 2011, the charges were stricken.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

28. Each individual Defendant-Officer acted willfully and wantonly, maliciously, and with a conscious disregard and deliberate indifference to Plaintiff s rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

29. As a direct and proximate result of the acts of the Defendants described above, Plaintiff suffered damages including loss of physical liberty, loss of time, loss of normal life, physical pain and suffering, disfigurement, and emotional and pecuniary damages including medical expenses, attorneys' fees, and monies posted for bond.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

## COUNT I
### (42 U.S.C. § 1983 – False Arrest)

30. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1 through 29 are incorporated by reference as though fully set forth herein.

31. Defendant-Officers arrested Plaintiff.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

32. Defendant-Officers did not have an arrest warrant, probable cause, or any other legal justification to arrest Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

33. The arrest of Plaintiff without any legal justification or probable cause violated his Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from unreasonable seizures.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT I
### (42 U.S.C. § 1983 – Excessive Force)

34. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1 through 29 are incorporated by reference as though fully set forth herein.

35. Defendant-Officers violated Plaintiffs Fourth Amendment right, as guaranteed by the Fourteenth Amendment, to be free from the use of excessive and unreasonable force.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT III
### (State Law Claim for Malicious Prosecution)

36. Plaintiff realleges paragraphs 1 through 29 as if fully set forth herein.

**ANSWER:** Defendants' answers to the foregoing paragraphs 1 through 29 are incorporated by reference as though fully set forth herein.

37. Defendant-Officers instituted charges against Plaintiff for resisting arrest.

**ANSWER:** Defendants admit the allegations contained in this paragraph.

38. There was not probable cause for such charges.

**ANSWER:** Defendants deny the allegations contained in this paragraph and deny any illegal or wrongful conduct.

39. The charges were terminated in a manner favorable to Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT IV
### (State Law *Respondeat Superior* Claim)

.   40. The acts of the Defendant-Officers described in the above state-law claim were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants admit that Defendant Officers were acting in scope of their employment when they encountered Plaintiff. Defendants deny the remaining allegations contained in this paragraph and deny any illegal or wrongful conduct.

41. Pursuant to *respondeat superior*, Defendant CITY OF CHICAGO is liable for its agents' actions

**ANSWER:** Defendants deny that this paragraph contains a complete or accurate statement of the law.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

## COUNT V
### (Indemnification Claim pursuant to 745 ILCS 10/9-102)

42. The acts of the Defendant-Officers described in the above claims were willful and wanton, and committed in the scope of employment.

**ANSWER:** Defendants admit that Defendant Officers were acting in scope of their employment when they encountered Plaintiff. Defendants deny the remaining allegations contained in this paragraph and deny any illegal or wrongful conduct.

43. Pursuant to the Illinois Tort Immunity Act, 745 ILCS 10/9-102, Defendant CITY OF CHICAGO is liable for any judgments for compensatory damages in this case arising from the Defendant-Officers' actions.

**ANSWER**: Defendants admit that, according to Illinois law, under certain circumstances public entities are directed to pay tort judgments for compensatory damages on behalf of employees acting within the scope of their employment, but Defendants deny that this paragraph contains a complete or accurate statement of the law.

**WHEREFORE**, Defendants request that judgment be entered in their favor and against Plaintiff, for costs of defending this suit and any other relief this Honorable Court deems necessary and proper.

**AFFIRMATIVE DEFENSES**

1. Defendant Officers are government officials, namely police officers, who perform discretionary functions. Defendant Officers admit that they encountered and arrested Plaintiff. At all times material to the events alleged in Plaintiff's Complaint, a reasonably competent police officer, objectively viewing the facts and circumstances then confronting these Defendant Officers, could have believed their actions regarding the encounter with and arrest of Plaintiff to be lawful, in light of clearly established law and the information that these Defendant Officers possessed. Defendant Officers are therefore entitled to qualified immunity on Plaintiff's claims under federal law.

2. As to the state law claims, at the time of the incident alleged in Plaintiff's Complaint, Defendant Officers were City employees, namely police officers, who were engaged in the execution and enforcement of the law. Under the Tort Immunity Act, an employee or agent of the City is not liable for his acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes wilful and wanton conduct. 745 ILCS 10/2-202 (2002). The acts and/or omissions of Defendant Officers were not willful nor wanton. Therefore, Defendant Officers are not liable to Plaintiff.

3. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because a public employee, as such and acting within the scope of his or her employment, is not liable for any injury caused by the act or omission of another person. 745 ILCS 10/2-204 (2002).

4. Under the Illinois Tort Immunity Act, Defendant Officers are not liable for any of the state law claims alleged because the decision as to what action to take with regard to

Plaintiff was a discretionary decision for which the City and its employees are immune from liability. 745 ILCS 10/2-201.

5. To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.

6. To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by the application of the principle that Plaintiff has a duty to mitigate attributed to Plaintiff by the jury in this case.

7. As to Plaintiff's state law claims, Defendant Officers are not liable to pay attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party." See Kerns v. Engelke, 76 Ill.2d 154, 166 (Ill. 1979)(internal citations omitted).

8. Under the Tort Immunity Act, the City is not required to pay punitive or exemplary damages in any action brought directly or indirectly against by the injured party or a third party. 745 ILCS 10/2-102 (West 2007).

9. As to the state law claims, under the Illinois Tort Immunity Act, Defendant Officers are not liable to Plaintiff relating to any action of providing or failure to provide police service. 745 ILCS 10/4-102 (2002).

10. Defendant City is not liable to Plaintiff if its employees or agents are not liable to Plaintiff. 745 ILCS 10/2-109 (2006).

**JURY DEMAND**

Defendants, Kyle Gafney, David Barnes and the City of Chicago, request trial by jury.

Respectfully Submitted,

**/s/ Kathryn M. Doi**
KATHRYN M. DOI
Assistant Corporation Counsel

30 N. LaSalle, Suite 900
Chicago, IL 60602
(312) 744-0742
Attorney No. 6274825