IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JONATHAN SILVA, | ) | |
| | ) | |
| Plaintiff, | ) | 12 C 3822 |
| | ) | |
| vs. | ) | Judge Dow |
| | ) | |
| CITY OF CHICAGO, | ) | |
| Chicago Police Officers | ) | Magistrate Judge Kim |
| KYLE GAFNEY, Star 6245, and | ) | |
| DAVID BARNES, Star 5631, | ) | Jury Demand |
| | ) | |
| Defendants. | ) | |

## AGREED QUALIFIED HIPAA PROTECTIVE ORDER

Pursuant to Fed.R.Civ.P. 26(c), the Health Insurance Portability and Accountability Act of 1996 codified primarily at 18, 26 and 42 U.S.C., and 45 C.F.R. §§ 160 & 164, the parties to this action, by and through their respective counsel, have represented the following to the court, and the court finds:

    A.    The following words and terms are defined for purposes of this agreed, qualified protective order:

    1.    "Parties" shall mean Plaintiff, Defendant City of Chicago, the individual defendants, and any additional party that this court may subsequently recognize as subject to this qualified protective order, and their attorneys.

    2.    "HIPAA" shall mean the Health Insurance Portability and Accountability Act of 1996, codified primarily at 18, 26 and 42 U.S.C. (2002).

    3.    "Privacy Standards" shall mean the Standards for Privacy of Individually Identifiable Health Information. See 45 C.F.R. §§ 160 & 164 (2000).

    4.  "PHI" shall mean protected health information, as that term is used in HIPAA and the Privacy Standards.

  B.  The Parties are familiar with HIPAA and the Privacy Standards.

  C.  The Parties recognize that it may be necessary during the course of this proceeding to produce, disclose, receive, obtain, subpoena, and/or transmit PHI of parties, third parties, and non-parties to other parties, third parties and non-parties.

  D.  The Parties agree to the following terms and conditions:

    1.  The Parties agree to assist each other in the release of PHI by waiving all notice requirements that would otherwise be necessary.

    2.  The Parties either seek or agree to the release of PHI specifically for, but not limited to, the following person, from the covered entity or entities identified in interrogatory answers, supplementary disclosures, deposition testimony, or other discovery tools:

### JONATHAN SILVA

    3.  The Parties agree not to use or disclose the PHI released in this proceeding for any other purpose or in any other proceeding.

    4.  The Parties agree to store all PHI while it is in their possession according to the Privacy Standards.

    5.  The Parties agree at the termination of this proceeding to return all PHI obtained during the course of this proceeding to the attorney representing the person whose PHI was released during the course of this proceeding, and/or to dispose of the PHI released during the course of this proceeding pursuant to the Privacy Standards.

      6.      Nothing in this protective order shall be deemed a waiver of the right of any party to object to a request for discovery on the basis of relevance, materiality, privilege, overbreadth, or any other recognized objection to discovery.

                                                    _____  
                                                    HON. ROBERT M. DOW, JR.  
                                                    U.S. DISTRICT COURT JUDGE

DATE: 9/20/12